# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| PATRICK Y. CHIN ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 07-1023 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Patrick Y. Chin's ("Chin") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Chin's Motion [#1] is DISMISSED FOR LACK OF JURISDICTION.

## BACKGROUND

On July 28, 2005, Chin pled guilty in a written plea agreement to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and forfeiture, in violation of 18 U.S.C. § 2253. On December 9, 2005, Chin was sentenced to 78 months imprisonment, supervised release for a term of life, a $5000 fine, and a $100 special assessment. Judgment was entered on December 14, 2005. Chin did not appeal his sentence.

On January 26, 2007, Chin filed the instant Motion to Vacate, Set Aside, or Correct his Sentence, and requested additional time to file a legal memorandum in support of his Motion. Chin filed such a memorandum on March 15, 2006. Chin argues that 28 U.S.C. § 2255 entitles him to relief because his plea was not entered into voluntarily or intelligently, that he was denied effective assistance of counsel when his attorney discouraged him from filing a notice of appeal,

that the Court-imposed supervised release term for life is unconstitutional, and that he is entitled to the "safety valve" downward departure. The Court ordered the Government to respond to Chin's § 2255 Motion, and Chin filed a traverse. As the issues are now fully briefed, this Order follows.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the time in which a petitioner can bring a claim under 28 U.S.C. § 2255 to one year. The starting point for that statute of limitations is set forth in paragraph 6 of 28 U.S.C. § 2255 which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from the latest of—
>
> 1. the date on which the judgment of conviction becomes final;
>
> 2. the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 2. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Chin does not argue that an impediment prevented him from bringing his § 2255 motion earlier, that he is relying on a newly recognized right, or that the facts supporting his claim could not have been discovered for some period of time following his conviction. He has also presented no evidence sufficient to toll the limitations period. Accordingly, Chin's claim is only

timely if his § 2255 motion was brought within one year of the date on which his judgment of conviction became final.

This Court entered judgment on Chin's conviction on December 14, 2005. Because he did not appeal his sentence, his judgment of conviction became final ten days later, on December 28, when his claim could no longer be subject to appellate review. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appeal; or (ii) the filing of the government's notice of appeal."). Therefore, to be timely, Chin would have had to file the instant motion prior to December 28, 2006. Chin did not sign the instant petition until January 20, 2007. Accordingly, Chin's claim is time barred by the AEDPA and this Court lacks jurisdiction to hear his claim.

Parenthetically, the Court notes that the Government has also argued that even if Chin's claims were not untimely, dismissal would alternatively be appropriate because he voluntarily waived his right to collaterally attack his conviction in his plea agreement. In support of this argument, the Government offered only the bald, conclusory assertion that Chin's waiver was knowing and voluntary, only quoting a brief excerpt from the plea agreement but failing to attach the document as an exhibit. No citations to the record or copy of the plea colloquy hearing were attached to support the assertion of a knowing and voluntary waiver. The Government should be on notice that in future filings, citations to the record and a copy of the transcript supporting those citations will be required in order for such an argument to be considered by this Court.

## CONCLUSION

For the reasons set forth above, Chin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED FOR LACK OF JURISDICTION.

ENTERED this 23rd day of May, 2007.

                                                s/Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge